IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SWEIG, | ) |
| | ) |
| Plaintiff, | ) Case No. 08-cv-271 |
| | ) |
| v. | ) Judge Lefkow |
| | ) |
| | ) Magistrate Judge Mason |
| ABM INDUSTRIES INCORPORATED, | ) |
| | ) |
| Defendant. | ) |

**MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant, ABM Industries Incorporated ("ABM"), by its attorneys, Jennifer A. Kenedy and Simon Fleischmann, hereby moves to dismiss this case under Federal Rule of Civil Procedure 12(b)(6), and states as follow:

1.      Plaintiff, Michael Sweig, filed a Complaint against ABM, his employer, asserting that he is entitled to a $3.65 million finder's fee from ABM pursuant to an alleged oral agreement for compensation beyond the scope of his written employment agreement, in connection with ABM's recent acquisition of another company. Plaintiff Complaint asserts claims for breach of contract (Count I) and quantum meruit (Count II).

2.      Plaintiff's Complaint was initially filed in the Circuit Court of Cook County, Illinois. ABM removed this action to the district court on January 11, 2008, on the basis that this Court has original jurisdiction under 28 U.S.C. 1332(a), as the matter in controversy exceeds $75,000 and is between citizens of different states.

3.      ABM now moves for dismissal of this action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Dismissal is appropriate because (1) Plaintiff's written employment agreement with the ABM covers the

services allegedly rendered by Plaintiff under the alleged oral side agreement; and even it didn't, the written employment agreement has an integration clause that expressly provides that the employment agreement contains the entire agreement between the parties and requires all amendments to be in writing and signed by both parties;[1] (2) Plaintiff's alleged oral agreement is void because it contains an indefinite essential term; and (3) the Illinois Business Brokers Act of 1995, 815 ILCS 307/10-1 *et seq.* (the "Act") bars Plaintiff's claims in this case.

4. Moreover, Plaintiff's failure to comply with the Act gives rise to recovery by ABM of all its fees and costs, including but not limited to attorneys fees, incurred in connection with this matter. 815 ILCS 307/10-50. Accordingly, in ABM request an award of its fees and costs.

5. The arguments and authorities supporting this Motion are set forth in detail in the accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), which is hereby incorporated by this reference.

WHEREFORE, Defendant, ABM Industries Incorporated, respectfully requests entry of an order: (1) dismissing this case with prejudice under Federal Rule of Civil Procedure 12(b)(6), (2) awarding Defendant its fees and costs incurred in connection with this matter under 815 ILCS 307/10-60, and (3) granting such further relief as the Court finds just and appropriate.

---

[1] A duplicate of Plaintiff's employment agreement is attached to this Motion as Exhibit 1. The employment agreement is properly considered part of the pleadings for the purposes of ABM's Motion to Dismiss because it is referred to in the Complaint and central to Plaintiff's claims regarding his contractual relationship with ABM. *See Wright v. Associated Ins. Cos., Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (*citing Venture Assocs. Corp. v Zenith Data Sys. Corp.*, 987 F.2d 431 (7th Cir. 1993) (documents attached to a motion to dismiss are considered part of the pleadings if they are referred to in the complaint and are central to the plaintiff's claim). In addition, when the terms of a document that is part of the pleadings contradict the allegations set forth in the complaint, the terms of the document govern. *See Thompson v. Illinois Dept. of Professional Regulation*, 300 F.3d 750, 754 (7th Cir. 2002) (holding that if there is a conflict between the allegations of a pleading and a written instrument that is part of the pleadings, the written instrument controls) (internal citations omitted).

DATED:  January 16, 2008                    Respectfully Submitted,

                                                   ABM INDUSTRIES INCORPORATED


                                                   By:     /s/ Jennifer A. Kenedy
                                                          One of its attorneys

Jennifer A. Kenedy (6216342)
Simon Fleischmann (6274929)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
Telephone: 312.443.0462
Facsimile: 312.896.6471

## CERTIFICATE OF SERVICE

      I, Jennifer A. Kenedy, an attorney, certify that I caused the foregoing Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) to be served upon Bruce A. Radke (bradke@vedderprice.com), Vedder, Price, Kaufman & Kammholz, P.C., through the Court's Case Management / Electronic Case Files (CM/ECF) system on January 16, 2008.

                                              /s/ Jennifer A. Kenedy
                                                Jennifer A. Kenedy