IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SWEIG, | ) |
| Plaintiff, | ) Case No. 08-cv-271 |
| v. | ) Judge Lefkow |
| ABM INDUSTRIES INCORPORATED, | ) Magistrate Judge Mason |
| Defendant. | ) |

**MOTION FOR CLARIFICATION OF MEMORANDUM OPINION AND ORDER**

Defendant, ABM Industries Incorporated ("ABM"), by its attorneys, Jennifer A. Kenedy and Simon Fleischmann, in the interest of a clear record, respectfully requests clarification or removal of a single, non-determinative sentence from the Court's Memorandum Opinion and Order dated June 20, 2008 (Docket No. 20, "Opinion").

1. The Opinion, which denied ABM's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Docket No. 6), includes the following sentence: "The parties are also in agreement that Sweig was the procuring cause of the transaction." (Opinion at 15.)

2. ABM recognizes that the above-quoted sentence is not determinative as to any of the issues ruled upon by the Court, and, of course, facts pleaded in the Complaint must be accepted as true for purposes of a motion under Rule 12(b)(6).

3. Nevertheless, the parties are *not* in agreement that Plaintiff was the procuring cause of the transaction at issue in this case. ABM does not state in any of its papers that it agrees with Plaintiff's allegation that he was the procuring cause of the transaction. On the contrary, in its Reply in Further Support of Defendant's Motion to Dismiss (Docket No. 18, "Reply"), ABM states: "Plaintiff's claim to enforce an alleged multi-million dollar oral side

agreement in connection with ABM's new business relationship with OneSource must be dismissed, because *even assuming Plaintiff was the procuring cause of that new relationship (which ABM disputes)*, such services are covered by the plain language of his Employment Agreement." (Reply at 4 (emphasis added).) ABM strongly believes that the evidence in this case will show that Plaintiff was not, in fact, the procuring cause of the subject transaction. The Opinion as currently stated may prejudice ABM later in the case when it endeavors to prove that Plaintiff played a bit role, at best, in the subject transaction.

4. ABM therefore requests entry of an order clarifying that the parties are not in agreement that Plaintiff was the procuring cause of the subject transaction, or removing the sentence in question from the Opinion entirely. ABM does not bring this motion for any improper purposes, but for the sake of a clear and accurate record regarding the parties' respective positions in this litigation.

WHEREFORE, Defendant, ABM Industries Incorporated, respectfully requests clarification or removal of the following sentence from page 15 of the Court's Memorandum Opinion and Order dated June 20, 20098 (Docket No. 20): "The parties are also in agreement that Sweig was the procuring cause of the transaction."

DATED: June 27, 2008                      Respectfully Submitted,

                                          ABM INDUSTRIES INCORPORATED


                                          By:    /s/ Simon Fleischmann
                                                 One of its attorneys

Jennifer A. Kenedy (6216342)
Simon Fleischmann (6274929)
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, IL 60606
Telephone: 312.443.0462
Facsimile: 312.896.6471

## CERTIFICATE OF SERVICE

      I, Jennifer A. Kenedy, an attorney, certify that I caused the foregoing Motion for Clarification of Memorandum Opinion and Order to be served upon Bruce A. Radke (bradke@vedderprice.com), Vedder, Price, Kaufman & Kammholz, P.C., through the Court's Case Management / Electronic Case Files (CM/ECF) system on June 27, 2008.

                                              /s/ Simon Fleischmann
                                                Simon Fleischmann