# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Joan H. Lefkow | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 271 | **DATE** | 7/7/2008 |
| **CASE TITLE** | Sweig vs. ABM Industries, Inc. | | |

**DOCKET ENTRY TEXT**

Defendant's motion for clarification of memorandum opinion and order [#21] is granted as explained in the statement below. This case is removed from the courtcall on July 8, 2008.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

On June 20, 2008, the court issued a memorandum opinion and order denying defendant ABM's motion to dismiss. Dkt. No. 20. Before the court is ABM's motion to clarify a particular sentence of the court's opinion, which states, "The parties are also in agreement that Sweig was the procuring cause of the transaction." *Id.* at 15 (citing *Mirza* v. *Fleet Retail Fin., Inc.*, No. 01 C 0566, 2002 WL 31526549, at *3 (N.D. Ill. Nov. 13, 2002) (finding that, "[u]nder Illinois law, in order to earn a commission, a business opportunity broker or finder must be the procuring cause of the transaction")). If quoted out of context, this statement could be misunderstood to mean that ABM agrees that, *as a matter of fact*, Sweig was the procuring cause of the transaction. As ABM acknowledges, however, "facts pleaded in the Complaint must be accepted as true for purposes of a motion under Rule 12(b)(6)." Def.'s Mot. at 2. Thus, the court's assertion is true only to the extent that the parties agree that, *taking the plaintiff's allegations as true solely for purposes of the motion to dismiss*, Sweig was the procuring cause of the transaction.

| | Courtroom Deputy Initials: | MD |
|---|---|---|