IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL SWEIG,<br><br>      Plaintiff,<br><br>v.<br><br>ABM INDUSTRIES, INCORPORATED,<br><br>      Defendant. | No. 08-cv-271<br><br>Judge Joan Humphrey Lefkow<br>Magistrate Judge Michael T. Mason |

### PLAINTIFF'S RESPONSES TO ABM INDUSTRIES' AFFIRMATIVE DEFENSES

Plaintiff, Michael Sweig ("Sweig"), by his attorneys, Vedder Price P.C., for his Response to Affirmative Defenses of Defendant, ABM Industries, Inc.'s ("ABM"), states:

#### FIRST AFFIRMATIVE DEFENSE

**ALLEGATION NO. 1:**

Plaintiff's contractual relationship with ABM is defined and limited by the terms of his Sales and Marketing Agreement with ABM, which is identified in Paragraph 7 of the Complaint. The Sales and Marketing Agreement covers the services allegedly rendered by Plaintiff in this case, and Plaintiff has received full compensation under the terms of his Sales and Marketing Agreement. Plaintiff's purported claim is therefore paid, satisfied, waived, and released.

**RESPONSE:**

ABM's First Affirmative Defense states a legal conclusion to which no response is required. To the extent that a response is required, Sweig denies the allegations contained in ABM's First Affirmative Defense.

#### SECOND AFFIRMATIVE DEFENSE

**ALLEGATION NO. 2:**

Plaintiff's contractual relationship with ABM is defined and limited by the terms of his Sales and Marketing Agreement with ABM, which is identified in Paragraph 7 of the Complaint. The Sales and Marketing Agreement covers the services allegedly rendered by Plaintiff in this

- 2 -

case, and Plaintiff has received full compensation under the terms of his Sales and Marketing Agreement. Plaintiff's purported side agreement for a finder's fee therefore fails for lack of consideration.

**RESPONSE:**

ABM's Second Affirmative Defense states a legal conclusion to which no response is required. To the extent that a response is required, Sweig denies the allegations contained in ABM's Second Affirmative Defense

### THIRD AFFIRMATIVE DEFENSE

**ALLEGATION NO. 3:**

The services allegedly rendered by Plaintiff in connection with the OneSource transaction were of nominal value to ABM. Accordingly, assuming in the alternative that the purported multi-million dollar oral finder's fee agreement was made, it would fail for lack of consideration.

**RESPONSE:**

ABM's Third Affirmative Defense states a legal conclusion to which no response is required. To the extent that a response is required, Sweig denies the allegations contained in ABM's Third Affirmative Defense

### FOURTH AFFIRMATIVE DEFENSE

**ALLEGATION NO. 4:**

ABM did not at any time offer or agree to pay any compensation to Plaintiff in connection with the OneSource transaction. To the extent Plaintiff understood that ABM orally agreed to pay a multi-million dollar finder's fee to Plaintiff for voluntarily placing a single telephone call to Lord Ashcroft (which ABM contends is unreasonable), his understanding could only have arisen as a result of a mistake. Accordingly, Plaintiff's claim fails as no agreement exists between the parties.

- 3 -

**RESPONSE:**

ABM's Fourth Affirmative Defense states a legal conclusion to which no response is required. To the extent that a response is required, Sweig denies the allegations contained in ABM's Fourth Affirmative Defense

Respectfully submitted,

MICHAEL SWEIG


By: s/ Bruce A. Radke
       One of His Attorneys

Diane M. Kehl, Esq.
Bruce A. Radke, Esq.
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, IL  60601-1003
Telephone:  312/609-7500
Facsimile:  312/609-5005

Dated:  July 30, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that he caused a copy of the foregoing PLAINTIFF'S RESPONSES TO ABM INDUSTRIES' AFFIRMATIVE DEFENSES to be served upon:

Jennifer A. Kenedy, Esq.
Simon Fleischmann, Esq.
LOCKE, LORD, BISSELL & LIDDELL, LLP
111 S. Wacker Drive
Chicago, IL 60606

by electronic means on July 30, 2008.

s/ Bruce A. Radke